UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES OF THE
LABORERS HEALTH AND WELFARE
TRUST FUND FOR NORTHERN
CALIFORNIA, et al.,

          Plaintiffs,

    v.

JML ENGINEERING & CONSTRUCTION,
INC.,

          Defendant.

Case No. 23-cv-01067-AGT

**REPORT AND RECOMMENDATION**

Re: Dkt. No. 21

Plaintiffs moved for default judgment. Defendant JML Engineering & Construction, Inc. ("JML") has been served but failed to appear. The undersigned recommends that a district judge grant the motion for default judgment as follows.

## I.    BACKGROUND

On March 9, 2023, Plaintiffs filed this action against JML, alleging claims for breach of collective bargaining agreement and recovery of unpaid trust fund contributions. Dkt. 1. Plaintiffs are the respective Boards of Trustees of four trust funds, established via collective bargaining agreements in Northern California. *Id.* ¶ 3. JML, as alleged, was a licensed general contractor with a principal place of business in San Ramon, California. *Id.* ¶ 7. Plaintiffs' claims arise from an alleged breach of a "Master Agreement," in which JML agreed to pay fringe benefit contributions into the trust funds on behalf of employees. *Id.* ¶ 10. The Master Agreement and written trust agreements provide for interest on delinquent contributions of 1.5% per month as well as liquidated damages of $150 for each delinquent contribution. *Id*. The agreements also provide for attorneys' fees and costs. *Id*. The Master Agreement "has never been terminated" (dkt. 1 ¶ 11) and JML "is still an active signatory employer." Dkt. 21 at 7 n.1.

Plaintiffs moved for default and the Clerk of Court entered default. Dkts. 15 & 16. JML then moved the Court for default judgment, and subsequently filed the instant amended motion. Dkts. 18 & 21.

## II.    DEFAULT JUDGMENT LEGAL STANDARD

Federal Rule of Civil Procedure 55 permits entry of default and then entry of default judgment. Fed. R. Civ. P. 55. Before entering default judgment, a district court must first confirm that it has personal jurisdiction and subject matter jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The court then considers the following factors (the "*Eitel* factors") to determine whether default judgment is appropriate: "(1) the possibility of prejudice to the plaintiff if judgment isn't entered, (2) the merits of the plaintiff's claims, (3) the sufficiency of the complaint, (4) the sum of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy in favor of obtaining a decision on the merits." *NewGen, LLC v. Safe Cig*, LLC, 840 F.3d 606, 616 (9th Cir. 2016) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)). In reviewing a motion for default judgment, a plaintiff's factual allegations are accepted as true. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

If default judgment is warranted, judgment may be entered in an amount that is supported by the evidence and that doesn't "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

## III.    DISCUSSION

The Court first considers issues of jurisdiction and then whether default judgment is warranted. Lastly, the Court determines whether the requested relief is appropriate and supported by the evidence.

### A.    Subject Matter Jurisdiction

The Court has subject matter jurisdiction over Plaintiff's claims pursuant to (i) Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and (ii) Sections 502(a)(3) and 502(e)(1) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. U.S.C. §§ 1132(a)(3) and 1132(e)(1).

### B.    Personal Jurisdiction and Service of Process

This Court "may assert either specific or general jurisdiction over a defendant" depending on the nature of the defendant's contacts with the forum state. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997). Here, the Court has general jurisdiction over JML because JML has a principal place of business in San Ramon, California. Dkt. 1 ¶ 7; *see Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

JML was served with process on March 15, 2023. Dkt. 9. The proof of service of the summons, complaint, and other documents filed at dkt. 9 indicates that an agent for service of process for JML, Cary Gaidano, was personally served at 4:29 pm on March 15, 2023, in San Rafael, California. For a corporation, personal service of an agent is permitted under Federal Rules of Civil Procedure 4(h)(1)(B) and 4(e)(2)(A). A proposed amended order granting motion for default judgment was also served on Cary Gaidano and John Michael Shearer by mail and email on July 10, 2024. Dkt. 21-25.

### C.    *Eitel* Factors

The first, fifth, sixth, and seventh factors support entry of default judgment. There is no indication in the record of a dispute concerning material facts or excusable neglect. While there is a strong policy in favor of obtaining a decision on the merits, JML has not responded to Plaintiffs' complaint nor sought more time to do so. A decision on the merits appears unlikely based on this inaction. Plaintiffs will be prejudiced if a default judgment is not entered, and

because JML has not appeared, Plaintiffs' only recourse here is to recover liquidated damages and interest on untimely or unpaid employee fringe benefit contributions, along with any unpaid contributions, is to seek default judgment.  Dkt. 21 at 7.

The second and third factors, directed to the merits of the claims and sufficiency of the complaint, both also weigh in favor of default judgment.  Plaintiffs have alleged facts to satisfy the requirements of ERISA § 515 — that JML was obligated to make contributions and failed to do so in accordance with the agreements.  29 U.S.C. § 1145.  Plaintiffs are fiduciaries and have alleged facts to satisfy the requirements of ERISA § 502(g)(2) — that they are entitled to unpaid contributions, interest, liquidated damages, reasonable and attorneys' fees, and costs.  29 U.S.C. §§ 1132(a)(3) & 1132(g)(2).  Plaintiffs have also provided sufficient evidence of the agreements, accounting of unpaid or paid late contributions, corresponding interest and liquidated damages, and records to support attorneys' fees and costs.  Dkt. 21-1, Lauziere Decl., ¶¶ 6, 10, 12–14, 16–22, 24–25, Exs. A–I (agreements), J–P (statements), Q–U (communications); Dkt. 21-22, Richman Decl., ¶ 5, Exs. A–B (fees and costs).  Accordingly, Plaintiffs have sufficiently plead legal claims for relief, and those claims are sufficiently meritorious based on the allegations in the complaint. *See Bd. of Trustees of the Clerks v. Piedmont Lumber & Mill Co.*, 2010 WL 4922677, at *4 (N.D. Cal. Nov. 29, 2010).

Lastly, the fourth factor focuses on the sum of money at stake.  The evidence accompanying the amended motion shows how the requested relief results directly from the claims.  While the amount sought is significant, totaling $368,918.73, it is reasonable, arises from a contractual agreement, and is clearly supported based on the evidence provided by Plaintiffs. *See Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014) (recognizing that default judgment may be warranted where "the sum of money at stake is tailored to the specific misconduct of the defendant" (quoting *Bd. of Trustees v. Core Concrete Const., Inc.*, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17,

4

2012))).

The Court finds that all seven factors support default judgment.

### D.      Relief Sought

Regarding Plaintiffs' LMRA claim, Plaintiffs seek damages for unpaid reported contributions; unpaid unreported contributions; interest and liquidated damages on contributions paid late; and costs and attorneys' fees.  Dkt. 1 § VI, ¶ 1.  On July 10, 2024, Plaintiffs filed an amended motion for default judgment, which included updated amounts based on time elapsed since filing the complaint.  These requested amounts are greater than the numerical amounts stated in the complaint.  This alone does not necessarily violate Rule 54.

"The Ninth Circuit has held that Rule 54(c) does not limit default judgments to the specific dollar amount stated in the complaint when the prayer seeks damages to be proved at trial." *Twitch Interactive, Inc. v. Johnston*, 2019 WL 3387977, at *9 (N.D. Cal. July 26, 2019) (citing *Henry v. Sneiders*, 490 F.2d 315, 317 (9th Cir. 1974)).  "General allegations of damages in a prayer for relief are sufficient to support a default judgment under Rule 54(c), as long as the defendant is given reasonable notice thereby of the potential amount at stake." *Anunciation v. W. Capital Fin. Servs. Corp.*, 97 F.3d 1458, 1996 WL 534049, at *3 (9th Cir. 1996).  "Courts have awarded damages not specifically mentioned in complaints in ERISA cases where the defaulting defendants were on notice of the post-complaint amounts sought."  *Bricklayers Loc. No. 3 Pension Tr. v. Martin*, 2014 WL 1998047, at *3 (N.D. Cal. May 12, 2014) (citations omitted).  Here, the amended motion for default judgment and complaint together provide "ample notice of the amount of damages at issue in this case."  *J & J Sport Prods., Inc. v. Salas*, 2015 WL 3429153, at *3 (N.D. Cal. May 27, 2015).  The Court considers each category of Plaintiffs' requested relief in turn, as follows.

5

1.    **Liquidated Damages and Interest for Reported, Paid but Paid Late Contributions**

Plaintiffs seek interest and liquidated damages on contributions paid late in the amount $40,405.67 for the periods September 2021, February–December 2022, January–May 2023, March 2024, and April 2024.  The complaint's requested relief includes interest and liquidated damages for paid but untimely payments in the amount of $16,934.04 "as calculated through February 13, 2022." Dkt. 1 § V, ¶ 1.  The complaint does not indicate that this particular amount is to be proven at trial, but JML was given reasonable notice that Plaintiffs seek relief for contributions that are paid late arising from the agreements.  Further, the complaint seeks unpaid contributions reported or unreported "according to proof at trial," with interest and liquidated damages "until the date of judgment." Dkt. 1 ¶¶ 19, 21, § VI ¶¶ 1–2.  Accordingly, the Court finds the amount **$40,405.67** to be supported by evidence and not different in kind or amount than the relief requested in the complaint.

2.    **Liquidated Damages and Interest for Delinquent Contributions Discovered in Audit**

Plaintiffs seek interest and liquidated damages on delinquent contributions discovered in an audit in the amount $13,000.45 for the periods April 2017, August 2018, April 2020, May 2020, July 2020, and November 2020.  The complaint refers to the agreements, the amount requested here arises from the agreements and JML's alleged failure to pay contributions pursuant to the agreements.  The audit occurred in July 2023, after the complaint was filed, and concerns contributions that were to be made between 2017 and 2020.  Dkt. 1 § VI, ¶ 1.  The Court finds that JML was provided reasonable notice that Plaintiffs are seeking liquidated damages and interest on unpaid contributions arising under the agreements that may be uncovered as the case proceeds.  Accordingly, the Court finds the amount **$13,000.45** to be supported by evidence and not different in kind or amount than the relief requested in the complaint.

6

### 3.    Contributions Reported but Not Paid

Plaintiffs seek damages for reported but unpaid contributions, with interest and liquidated damages, in the amount of $231,811.45:

- §1132(g)(2)(A) unpaid contributions:        $197,309.77

- §1132(g)(2)(B) interest:        $17,250.84

- §1132(g)(2)(C) liquidated damages:        <u>$17,250.84</u>[1]

Total:        **$231,811.45**

Lauziere Decl. ¶¶ 20–23, Exs. L–M.

The complaint seeks relief for reported but unpaid contributions of $146,454.53 "plus interest and liquidated damages in an amount to be proven at trial."  Dkt. 1 § VI, ¶¶ 1, 2.  The complaint also indicates that the Master Agreement has never been terminated.  Dkt. 1 ¶ 11. Accordingly, the Court finds that JML was given reasonable notice of the amount at stake, even though that amount has increased since filing of the complaint.  The Court finds the amount **$231,811.45** to be supported by evidence and not different in kind or amount than the relief requested in the complaint.

### 4.    Contributions Not Reported and Not Paid

Plaintiffs seek damages for unreported and unpaid contributions, with interest and liquidated damages, in the amount of $69,526.25:

- §1132(g)(2)(A) unpaid contributions:        $35,568.21

- §1132(g)(2)(B) interest:        $16,679.02

---

[1] While referred to as "liquidated damages" in Plaintiffs' motion (dkt. 21 at 7), this value is equal to the interest as being the greater of the interest and liquidated damages (based on a $150 flat fee).  *See* 29 U.S.C.A. § 1132(g)(2)(C); *see* dkt. 1 ¶¶ 19, 21, § IV ¶ 2.

- §1132(g)(2)(C) liquidated damages:        <u>$16,979.02[2]</u>

                        Total:        **$69,526.25**

Lauziere Decl. ¶¶ 24–27, Exs. N–P.

The complaint seeks relief for unreported and unpaid contributions of $34,031.90 "according to proof at trial," along with $20,043.89 in liquidated damages and interest. Dkt. 1 ¶ 21, § VI, ¶¶ 1, 2. The complaint also indicates that the Master Agreement has never been terminated. Dkt. 1 ¶ 11. Accordingly, the Court finds that JML was provided with reasonable notice of the amount at stake, even though that amount has increased since filing of the complaint. The Court finds the amount **$69,526.25** to be supported by evidence and not different in kind or amount than the relief requested in the complaint.

### 5. Attorneys' Fees and Costs

Plaintiffs seek to recover **$13,440** in attorneys' fees and **$734.91** in costs, totaling **$14,174.91**. Dkt. 21 at 18; dkt. 21-23 at 2; dkt. 21-22, Richman Decl. ¶¶ 4–6. ERISA and the relevant agreements provide for the recovery of fees and costs, and the complaint requests such relief. *See* 29 U.S.C. § 1132(g); Lauziere Decl., ¶ 13, Ex. D § 3; Dkt. 1 § VI, ¶¶ 1, 2. The requested amount is also reasonable. Plaintiffs' costs were reasonably necessary, including document processing fees, filing and clerk's entry of default fees, and service fees. S*ee* Richman Decl., Ex. A. The requested attorneys' fees were based on a reasonable hourly rate ($350) and a reasonable number of hours billed (38.4 hours). S*ee id.* (documenting billing records by task, as well as costs including filing and service fees); *Bd. of Trustees for Laborers Health & Welfare Tr. Fund for N. California v. P&J Util. Co.*, 2024 WL 1007419, at *7 (N.D. Cal. Jan. 22, 2024), *adopted*, 2024

---

[2] While referred to as "liquidated damages" in Plaintiffs' motion (dkt. 21 at 8), this value is equal to the interest as being the greater of the interest and liquidated damages (based on a $150 flat fee). *See* 29 U.S.C.A. § 1132(g)(2)(C).

WL 1007421 (Feb. 13, 2024) (collecting cases and finding a similar rate of $345 to be reasonable for ERISA claims in the San Francisco Bay Area).  The Court recommends that Plaintiffs' motion be granted as to attorneys' fees and costs in the amount of **$14,174.91**.

## IV.    CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiffs' motion be granted, and Plaintiffs be awarded (i) $40,405.67 for reported, paid, but paid late contributions, (ii) $13,000.45 in liquidated damages and interest on delinquent contributions discovered via audit, (iii) $231,811.45 in reported but not paid contributions, with liquidated damages and interest, (iv) $69,526.25 in unreported and not paid contributions, with liquidated damages and interest, and (v) $14,174.91 in reasonable attorneys' fees and costs, resulting in a total of **$368,918.73**.

Because all parties must appear and consent to magistrate judge jurisdiction, the case must be reassigned. *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017).  The undersigned (i) requests that the Clerk of the Court reassign the case to a district judge; and (ii), recommends that the district judge grant Plaintiffs' motion for default judgment.

No later than three days from today, Plaintiffs must serve JML with a copy of this report and recommendation, by any means reasonably calculated to provide actual notice, and file proof of service. Any party may file objections to this report and recommendation within 14 days of being served with a copy of it.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

   **IT IS SO ORDERED.**

 Dated: August 1, 2024

_____
Alex G. Tse
United States Magistrate Judge